IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| PAYTON LEVAR | * | |
| Plaintiff | * | |
| v | * | Civil Action No. ELH-16-574 |
| ELWOOD MORRIS, Inmate<br>FRANK B. BISHOP, JR., Warden | * | |
| | * | |
| Defendants | | |
| | *** | |

**MEMORANDUM**

Plaintiff Lavar Payton, a Maryland Division of Correction prisoner, brings this civil rights action under 42 U.S.C. § 1983, seeking money damages and immediate release from incarceration. Payton, who is self-represented, alleges that while incarcerated at Western Correctional Institution ("WCI"), a fellow prisoner, Elwood Morris, slandered him by falsely accusing Payton of sexual assault. His claim against Warden Bishop is unclear, but seemingly is based on an investigation into the incident which led to Payton's transfer to North Branch Correctional Institution ("NBCI"), where he remains. ECF 1.

Payton's Motion for Leave to Proceed in Forma Pauperis (ECF 2) shall be granted pursuant to 28 U.S.C. § 1915(a). However, for the reasons that follow, the suit against Morris shall be dismissed, the claim of improper transfer by Warden Bishop shall remain, and the case shall be held in abeyance.

<u>Claim Against Inmate Morris</u>

Federal courts are courts of limited jurisdiction and "may not exercise jurisdiction absent a statutory basis." *Exxon Mobil Corp. v. Allapattah Servs., Inc*., 545 U.S. 546, 552 (2005). They

"have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). Under the "well-pleaded complaint" rule, the facts showing the existence of subject matter jurisdiction "must be affirmatively alleged in the complaint." *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir.1999) (citing *McNutt v. Gen'l Motors Acceptance Corp.*, 298 U.S. 178 (1936)). "A court is to presume, therefore, that a case lies outside its limited jurisdiction unless and until jurisdiction has been shown to be proper." *United States v. Poole*, 531 F.3d 263, 274 (4th Cir. 2008) (citing *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, (1994)). Moreover, the "burden of establishing subject matter jurisdiction is on ... the party asserting jurisdiction." *Robb Evans & Assocs., LLC v. Holibaugh*, 609 F.3d 359, 362 (4th Cir. 2010); accord *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010).

Section 1983 of Title 42 of the United States Code states: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person with the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured . . ."

Section 1983 provides a private cause of action for constitutional violations by persons acting under color of state law. However, it "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.' " *Albright v. Oliver,* 510 U.S. 266, 271, (1994) (quoting *Baker v. McCollan,* 443 U.S. 137, 144 n. 3 (1979)). Accordingly, a civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.,* 526 U.S. 687, 707 (1999); *see also West v. Adkins*, 487 U.S. 42, 49 (1988); *Lugar v.*

*Edmondson Oil Co.*, 457 U.S. 922, 928-930 (1982).

To establish a claim under § 1983, a plaintiff must prove: (1) that the defendant, a person, "deprived [the plaintiff] of a right secured by the Constitution and laws of the United States;" and (2) that the defendant acted "under color of [State] statute, ordinance, regulation, custom, or usage." *Mentavlos v. Anderson,* 249 F.3d 301, 310 (4th Cir. 2001) (citation and internal quotation marks omitted).

Thus, in order for Payton to successfully assert a violation of constitutional rights, the named defendant must be a state actor. Specifically, the person charged with the civil rights violation must be a state official; someone who has acted with a state official; someone who has obtained significant aid from a state official; or someone whose conduct is somehow attributable to the state. *See DeBauche v. Trani*, 191 F. 3d 499, 507 (4th Cir. 1999). Inmate Morris is not a state official, nor does Morris's alleged misconduct, as described by Payton, have the imprimatur of official conduct.

In limited circumstances, seemingly private conduct can be the subject of a §1983 suit. This Circuit recognizes four exclusive circumstances under which a private party can be deemed to be a state actor:  (1) when the state has coerced the private actor to commit an act that would be unconstitutional if done by the state; (2) when the state has sought to evade a clear constitutional duty through delegation to a private actor; (3) when the state has delegated a traditionally and exclusively public function to a private actor; or (4) when the state has committed an unconstitutional act in the course of enforcing a right of a private citizen." *DeBauche*, 191 F. 3d at 507. Morris's misconduct as alleged by Payton in his complaint does not fall within these four categories of conduct. "If the conduct does not fall into one of these four categories, then the private conduct is not an action of the state." *Andrews v. Federal Home*

*Loan Bank of Atlanta*, 998 F.2d 214, 217 (4th Cir.1993). The civil rights claims Payton asserts against Morris must, therefore, be dismissed.

Furthermore, a claim for defamation is not a federal cause of action. *See Paul v. Davis,* 424 U.S. 693, 712 (1976). A state law cause of action, such as the tort of defamation, may be brought in this court on the basis of diversity of citizenship. Diversity jurisdiction applies "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different States." *See* 28 U.S.C. §1332(a)(1). The statute "requires complete diversity among parties, meaning that the citizenship of every plaintiff must be different from the citizenship of every defendant." *Central West Virginia Energy Co., Inc. v. Mountain State Carbon, LLC,* 636 F.3d 101, 103 (4th Cir. 2011), citing *Caterpillar, Inc. v. Lewis,* 519 U.S. 61, 68 (1996). The amount in controversy is established by the damages sought in the complaint. "If the plaintiff claims a sum sufficient to satisfy the statutory requirement, a federal court may dismiss only if 'it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed.'" *JTH Tax, Inc. v. Frashier*, 624 F. 3d 635, 638 (4th Cir. 2010), quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938).

Payton seeks $300,000 in damages, and thus meets the jurisdictional amount in controversy. However, diversity of citizenship does not exist. Morris, who is serving sentences imposed by the Maryland courts,[1] appears to be domiciled in Maryland. Warden Bishop also is likely domiciled in Maryland. And, plaintiff has set forth no allegations to show otherwise. Thus, this court may not exercise diversity jurisdiction, and the claim against Morris must be dismissed.[2]

---

[1] *See* casesearch.courts.state.md.us/casesearch/inquiryDetail.jis?

[2] Plaintiff may pursue his claim in the appropriate state court. The Court expresses no opinion as to the merits of the claim.

Claim Against Warden Bishop

Payton does not specify what constitutional violation resulted from Warden Bishop's role in requiring investigation of an alleged sexual assault and/or in approving Payton's transfer from one maximum security prison to another.[3]  Ordinarily, he would be granted an opportunity to amend his complaint to further clarify this claim.  But, review of the complaint reveals that no immediate action by this court is necessary.

This court's electronic docket reveals that Payton has filed more than a dozen lawsuits in the past year, many of which remain active.  The litigation filed by Payton has become vexatious and places a burden upon this court, which is unfair to the numerous other litigants with whom the court must share its resources.  "[F]ederal courts have the power and the obligation to protect themselves from abusive filing of frivolous and repetitive claims."  *McMahon v. F.M. Bank-Winchester*, 45 F.3d 426, 1994 WL 719695 (4th Cir. Dec. 30, 1994) (unpublished) (per curiam), *cf. Procup v. Strickland*, 792 F.2d 1069, 1070-71 (11th Cir. 1986) (en banc).  Although this court shall not absolutely foreclose or enjoin Payton from initiating an action, it can and will limit the number of active cases he files to ensure that process is available to him without taxing the time and resources of the court or hindering the court from fulfilling its constitutional duty.  Thus, the instant case shall be administratively closed until such time as the number of active cases Payton has pending before this court are completed.

Through notice to the Assistant Attorney General for correctional litigation, defendant Bishop shall receive a copy of the Complaint and notice that the suit is being retained on inactive status.   Defendant shall also be notified when the suit is placed on the active docket.

---

[3] Both WCI and NBCI are maximum security prisons.  *See* dpscs.state.md.us/locations/wci.shtml.

Furthermore, given the frequency of personnel changes within the correctional system, defendant Bishop, through the Office of the Attorney General, may in the future contact this court regarding any development which would impact the ability of this court to effectuate future service of process on defendant Bishop.

An Order follows.

Date: March 3, 2016                         /s/
                                            Ellen L. Hollander
                                            United States District Judge